| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY | |
| Caption in Compliance with D.N.J. LBR 9004-1(b)<br><br>MINTZ & GOLD LLP<br>600 Third Avenue, 25th Floor<br>New York, New York 10016<br>(212) 696-4848<br>Barry M. Kazan<br>kazan@mintzandgold.com<br><br>Attorneys for Marcum, LLP | Chapter 7<br><br>Case No. 24-13462 (EJO)<br><br>Honorable Eamonn J. O'Hagan |
| In Re:<br><br>PUREKANA, LLC,<br><br>                    Debtor. | Adv. Proc. No. 26-01102 |

**DEFENDANT MARCUM, LLP'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Marcum, LLP ("Marcum" or "Defendant"), by and through its undersigned counsel, pursuant to Rule 12 of the Federal Rules of Civil Procedure, as made applicable by Rule 7012 of the Federal Rules of Bankruptcy Procedure, and by way of Answer and Affirmative Defenses to Plaintiff's Adversary Complaint ("Complaint"), says:

**JURISDICTION AND VENUE**

1.      Defendant affirmatively states that Paragraph 1 of the Complaint contains legal conclusions to which no response is required.

2.      Defendant affirmatively states that Paragraph 2 of the Complaint contains legal conclusions to which no response is required.

3.      Defendant affirmatively states that Paragraph 3 of the Complaint contains legal conclusions to which no response is required.

1

4.      Defendant affirmatively states that Paragraph 4 of the Complaint contains legal conclusions to which no response is required.

## PRELIMINARY STATEMENT

5.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 5 of the Complaint and leaves Plaintiff to its proofs.

6.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 6 of the Complaint and leaves Plaintiff to its proofs.

## PARTIES

7.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 7 of the Complaint and leaves Plaintiff to its proofs.

8.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint and leaves Plaintiff to its proofs.

9.      Defendant affirmatively states that Paragraph 9 of the Complaint contains legal conclusions to which no response is required.

10.     Defendant admits that Marcum LLP is a New York limited liability partnership with offices located at 730 Third Avenue, 11th Floor, New York, New York 20171. Insofar as the remaining allegations in Paragraph 10 contain conclusions of law, a response is neither required nor provided.

11.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 11 of the Complaint and leaves Plaintiff to its proofs.

12.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 12 of the Complaint and leaves Plaintiff to its proofs.

13.     Defendant admits that its services include tax, attest, accounting, and advisory services, as well as technology solutions and executive search and staffing services.

14.     Defendant affirmatively states that Paragraph 14 of the Complaint contains legal conclusions to which no response is required.

15.     Defendant admits that on or about November 1, 2024, CBIZ, Inc. acquired the non-attest business of Marcum LLP. Defendant denies the remaining allegations contained in Paragraph 15 of the Complaint.

16.     Defendant admits that it provided certain professional services to the Debtor. Defendant otherwise denies the allegations contained in Paragraph 16 of the Complaint.

17.     Insofar as the allegations in Paragraph 17 contain conclusions of law, a response is neither required nor provided. Defendant otherwise denies the allegations contained in Paragraph 17 of the Complaint.

18.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint and leaves Plaintiff to its proofs.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

19.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint and leaves Plaintiff to its proofs.

20.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 20 of the Complaint and leaves Plaintiff to its proofs.

21.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 21 of the Complaint and leaves Plaintiff to its proofs.

22.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint and leaves Plaintiff to its proofs.

23.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint and leaves Plaintiff to its proofs.

24.     Defendant denies knowledge or information sufficient to form a belief as to the

allegations contained in Paragraph 24 of the Complaint and leaves Plaintiff to its proofs.

25.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint and leaves Plaintiff to its proofs.

26.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint and leaves Plaintiff to its proofs.

27.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 27 of the Complaint and leaves Plaintiff to its proofs.

28.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 28 of the Complaint and leaves Plaintiff to its proofs.

29.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 29 of the Complaint and leaves Plaintiff to its proofs.

30.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 30 of the Complaint and leaves Plaintiff to its proofs.

31.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Complaint and leaves Plaintiff to its proofs.

32.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 32 of the Complaint and leaves Plaintiff to its proofs.

33.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 33 of the Complaint and leaves Plaintiff to its proofs.

34.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Complaint and leaves Plaintiff to its proofs.

35.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 35 of the Complaint and leaves Plaintiff to its proofs.

36.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 36 of the Complaint and leaves Plaintiff to its proofs.

37.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 37 of the Complaint and leaves Plaintiff to its proofs.

38.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 38 of the Complaint and leaves Plaintiff to its proofs.

39.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 39 of the Complaint and leaves Plaintiff to its proofs.

40.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 40 of the Complaint and leaves Plaintiff to its proofs.

41.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 41 of the Complaint and leaves Plaintiff to its proofs.

42.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 42 of the Complaint and leaves Plaintiff to its proofs.

43.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 43 of the Complaint and leaves Plaintiff to its proofs.

44.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 44 of the Complaint and leaves Plaintiff to its proofs.

45.    Defendant denies the allegations contained in Paragraph 45 of the Complaint.

46.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 46 of the Complaint and leaves Plaintiff to its proofs.

47.    Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 47 of the Complaint and leaves Plaintiff to its proofs.

48.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 48 of the Complaint and leaves Plaintiff to its proofs.

49.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 49 of the Complaint and leaves Plaintiff to its proofs.

50.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 50 of the Complaint and leaves Plaintiff to its proofs.

51.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 51 of the Complaint and leaves Plaintiff to its proofs.

52.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 52 of the Complaint and leaves Plaintiff to its proofs.

53.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 53 of the Complaint and leaves Plaintiff to its proofs.

54.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 54 of the Complaint and leaves Plaintiff to its proofs.

55.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 55 of the Complaint and leaves Plaintiff to its proofs.

56.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 56 of the Complaint and leaves Plaintiff to its proofs.

57.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 57 of the Complaint and leaves Plaintiff to its proofs.

58.     Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 58 of the Complaint and leaves Plaintiff to its proofs.

59. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 59 of the Complaint and leaves Plaintiff to its proofs.

60. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 60 of the Complaint and leaves Plaintiff to its proofs.

61. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 61 of the Complaint and leaves Plaintiff to its proofs.

62. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 62 of the Complaint and leaves Plaintiff to its proofs.

63. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 63 of the Complaint and leaves Plaintiff to its proofs.

64. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 64 of the Complaint and leaves Plaintiff to its proofs.

65. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 65 of the Complaint and leaves Plaintiff to its proofs.

66. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 66 of the Complaint and leaves Plaintiff to its proofs.

67. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 67 of the Complaint and leaves Plaintiff to its proofs.

68. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 68 of the Complaint and leaves Plaintiff to its proofs.

69. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 69 of the Complaint and leaves Plaintiff to its proofs.

70. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 70 of the Complaint and leaves Plaintiff to its proofs.

71. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 71 of the Complaint and leaves Plaintiff to its proofs.

72. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 72 of the Complaint and leaves Plaintiff to its proofs.

73. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 73 of the Complaint and leaves Plaintiff to its proofs.

74. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 74 of the Complaint and leaves Plaintiff to its proofs.

75. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 75 of the Complaint and leaves Plaintiff to its proofs.

76. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 76 of the Complaint and leaves Plaintiff to its proofs.

77. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 77 of the Complaint and leaves Plaintiff to its proofs.

78. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 78 of the Complaint and leaves Plaintiff to its proofs.

79. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 79 of the Complaint and leaves Plaintiff to its proofs.

80. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 80 of the Complaint and leaves Plaintiff to its proofs.

81.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 81 of the Complaint and leaves Plaintiff to its proofs.

82.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 82 of the Complaint and leaves Plaintiff to its proofs.

83.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 83 of the Complaint and leaves Plaintiff to its proofs.

84.      Defendant admits that the Debtor made transfers to Defendant during the period prior to the Petition Date. Defendant denies the remaining allegations contained in Paragraph 84 of the Complaint.

85.      Defendant admits that the Debtor made transfers to Defendant from the Debtor's accounts. Defendant denies the remaining allegations contained in Paragraph 85 of the Complaint.

86.      Defendant admits that it received payments for its services from the Debtor. Defendant denies the remaining allegations contained in Paragraph 86 of the Complaint.

87.      Defendant denies the allegations contained in Paragraph 87 of the Complaint.

**FIRST CAUSE OF ACTION**
(Avoidance and Recovery of Fraudulent Transfers)

88.      Defendant repeats its responses to the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

89.      Defendant denies the allegations contained in Paragraph 89 of the Complaint.

90.      Defendant denies the allegations contained in Paragraph 90 of the Complaint.

91.      Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 91 of the Complaint and leaves Plaintiff to its proofs.

92.      Defendant affirmatively states that Paragraph 92 of the Complaint contains legal conclusions to which no response is required.

9

93. Defendant affirmatively states that Paragraph 93 of the Complaint contains legal conclusions to which no response is required.

94. Defendant affirmatively states that Paragraph 94 of the Complaint contains legal conclusions to which no response is required.

95. Defendant admits that the transfers made by Debtor were made prior to the Petition Date. Defendant denies the remaining allegations contained in Paragraph 95 of the Complaint.

96. Insofar as the allegations in Paragraph 96 contain conclusions of law, a response is neither required nor provided. Defendant otherwise denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 96 of the Complaint and leaves Plaintiff to its proofs.

97. Insofar as the allegations in Paragraph 97 contain conclusions of law, a response is neither required nor provided. Defendant otherwise denies the allegations contained in Paragraph 97 of the Complaint.

## SECOND CAUSE OF ACTION
(Avoidance and Recovery of Fraudulent Transfers)

98. Defendant repeats its responses to the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

99. Defendant denies the allegations contained in Paragraph 99 of the Complaint.

100. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 100 of the Complaint and leaves Plaintiff to its proofs.

101. Defendant denies knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 101 of the Complaint and leaves Plaintiff to its proofs.

102. Insofar as the allegations in Paragraph 102 contain conclusions of law, a response is neither required nor provided. Defendant otherwise denies the allegations contained in Paragraph 102 of the Complaint.

103. Insofar as the allegations in Paragraph 103 contain conclusions of law, a response is neither required nor provided. Defendant otherwise denies the allegations contained in Paragraph 103 of the Complaint.

104. Defendant admits that the transfers made by Debtor were made prior to the Petition Date. Defendant denies the remaining allegations contained in Paragraph 104 of the Complaint.

105. Insofar as the allegations in Paragraph 105 contain conclusions of law, a response is neither required nor provided. Defendant otherwise denies the allegations contained in Paragraph 105 of the Complaint.

106. Insofar as the allegations in Paragraph 106 contain conclusions of law, a response is neither required nor provided. Defendant otherwise denies the allegations contained in Paragraph 106 of the Complaint.

## THIRD CAUSE OF ACTION
### (Disallowance of Claims)

107. Defendant repeats its responses to the allegations set forth in the preceding paragraphs of the Complaint as if fully set forth herein.

108. Insofar as the allegations in Paragraph 108 contain conclusions of law, a response is neither required nor provided. Defendant otherwise denies the allegations contained in Paragraph 108 of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

109.    Each and every transfer from PureKana LLC (as defined in the Complaint) to Defendant was received in good faith and for reasonably equivalent value provided to PureKana by Defendant.

### SECOND AFFIRMATIVE DEFENSE

110.    PureKana received, at a minimum, reasonably equivalent value in exchange for the transfers identified in Exhibit A to the Complaint because, among other things, Defendant provided legitimate professional audit, tax, accounting services that directly or indirectly benefited the Debtor and its operations. The precise value of services rendered to or for the benefit of the Debtor will be established during the discovery process.

### THIRD AFFIRMATIVE DEFENSE

111.    The at-issue transfers were made in satisfaction of antecedent debts or obligations owed by the Debtor to Defendant for professional services previously rendered, and therefore are not avoidable as fraudulent transfers.

### FOURTH AFFIRMATIVE DEFENSE

112.    Plaintiff's claims are barred, in whole or in part, by the doctrines of laches and estoppel.

### FIFTH AFFIRMATIVE DEFENSE

113.    The at-issue transfers did not diminish or damage PureKana's bankruptcy estate because, among other things, Defendant provided bona fide professional services of equivalent or greater value to the Debtor in exchange for each payment received, and the estate received the full benefit of those services.

### SIXTH AFFIRMATIVE DEFENSE

114.    The Debtor has been unjustly enriched at the expense of Defendant because the Debtor received the full benefit of legitimate services rendered by Defendant, for which Defendant was compensated in the ordinary course, and the Debtor retained that benefit. The Debtor will be further unjustly enriched if the relief requested in the Complaint is granted.

### SEVENTH AFFIRMATIVE DEFENSE

115.    Plaintiff has failed to state a claim upon which relief may be granted because the Complaint's allegations that "most if not all" of the transfers were made on account of obligations of non-debtor entities are insufficient as a matter of law to establish that each specific transfer identified in Exhibit A lacked reasonably equivalent value to the Debtor, and Plaintiff has not pled with the requisite particularity the specific services underlying each specific transfer or the specific entity to which such services were allegedly rendered.

### EIGHTH AFFIRMATIVE DEFENSE

116.    The at-issue transfers were not made with any intent to hinder, delay, or defraud any entity to which PureKana was or became indebted.

### NINTH AFFIRMATIVE DEFENSE

117.    Defendant is a victim of the conduct alleged in the Complaint. To the extent SBBC and/or the SBBC Principals, as alleged in the Complaint, directed and controlled PureKana's financial affairs, caused PureKana to incur obligations it could not pay, and orchestrated the transfers of PureKana's assets to or for the benefit of non-debtor entities, Defendant bore no responsibility for and had no knowledge of such conduct, and any recovery should be sought from the parties who directed and benefited from such scheme.

### TENTH AFFIRMATIVE DEFENSE

118.    Even if any of the at-issue transfers were voidable, any potential judgment against

Defendant must be reduced to the extent of the value of professional services given by Defendant to or for the benefit of PureKana in connection with such transfers under applicable law.

### ELEVENTH AFFIRMATIVE DEFENSE

119.   PureKana received fair consideration from Defendant for all services provided.

### TWELFTH AFFIRMATIVE DEFENSE

120.   The Debtor was not insolvent at the time of each of the at-issue transfers.

### THIRTEENTH AFFIRMATIVE DEFENSE

121.   Plaintiff's Third Cause of Action for disallowance of claims pursuant to 11 U.S.C. § 502(d) is wholly derivative of, and contingent upon, the avoidance claims asserted in the First and Second Causes of Action. To the extent those avoidance claims fail, in whole or in part, the § 502(d) claim must likewise fail.

**WHEREFORE** Defendant expressly denies that Plaintiff is entitled to any of the relief sought in the Complaint and respectfully requests that the Court enter judgment in Defendant's favor, dismiss Plaintiff's Complaint with prejudice, and award Defendant all such other and further relief as the Court deems just, equitable, and proper, including but not limited to costs, interest, and attorneys' fees.

Dated: May 8, 2026

> _/s/ Barry M. Kazan_
> Barry M. Kazan
> Mintz & Gold LLP
> 600 Third Avenue, 25th Floor
> New York, NY 10016
> (212) 696-4848 _Telephone_
> (212) 696-1231 _Facsimile_
> kazan@mintzandgold.com

14

15